IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC CABANA, on behalf of himself, and all other plaintiffs similarly situated, known and unknown,<br><br>      v.<br><br>JC LICHT, LLC, A DELAWARE LIMITED LIABILITY COMPANY,<br><br>      Defendant. | )<br>) No. 1:24-cv-<br>)<br>)<br>)<br>) Hon.<br>) District Judge<br>)<br>) Hon.<br>) Magistrate Judge<br>)<br>)<br>) ***JURY DEMAND*** |

## COMPLAINT AND JURY DEMAND

Plaintiff Eric Cabana ("Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, Leventhal Lewis Kuhn Taylor Swan PC and Billhorn Law Firm, complains as follows:

## NATURE OF THE ACTION

1. This action is brought on behalf of all Window Treatment Installers holding comparable positions with different titles (collectively "Installers") that worked for JC LICHT, LLC ("Defendant") in Illinois during the last three (3) years, plus any period of tolling, and who were misclassified as independent contractors and not properly paid overtime compensation.

2. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"). Plaintiff alleges that Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, by failing to pay Installers required overtime compensation.

3. This case is also brought as a class action under Fed. R. Civ. P. 23 pursuant to the

Illinois Minimum Wage Law, 820 ILCS 105/1 ("IMWL"), and Employee Classification Act, 820 ILCS 185/1 ("ECA"). Plaintiff alleges that Defendant violated the IMWL by failing to pay Installers overtime compensation at applicable rates as required by law. Plaintiff alleges that Defendant violated the ECA by misclassifying Installers as independent contractors and failing to pay all compensation due.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claim that they form part of the same case or controversy.

6. Defendant is subject to personal jurisdiction in this District because, although registered in Delaware, it maintains its headquarters and primary office in this District, avails itself of the privilege of conducting substantial business in this District, and is otherwise at home in this District. Defendant is subject to personal jurisdiction in this District because this action arises out Defendant's illegal pay practices that caused damages to workers in the State of Illinois.

## THE PARTIES

7. Plaintiff is, and was at all times relevant to this action, an adult individual domiciled in Illinois.

8. Defendant JC LICHT, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 901 S Rohlwing Road in Addison, Illinois. Defendant is primarily in the business of home remodeling and sells and installs home

improvement materials and products such as paint, wallpaper, blinds and other window treatments. With hundreds of employees at numerous locations throughout Illinois, Defendant is a thriving entity.

## COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff seeks to prosecute his FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Defendant as Installers (or similar titles)[1] in Illinois at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case and who were not paid overtime for all hours worked in excess of forty (40) in a workweek ("Collective").

10. Plaintiff will fairly and adequately protect the interests of the members of the Collective and has retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation. Plaintiff has no interest contrary to or in conflict with the members of the Collective.

11. The members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ACTION ALLEGATIONS

12. Plaintiff sues on his own behalf and on behalf of a class of employees under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Defendant's violations of the IMWL and ECA.

---

[1] Defendant hires other similarly situated drivers as "window installers," "window treatment installers," and similar titles.

13. Plaintiff brings his Illinois state law claims on behalf of all employees who worked for Defendant in Illinois at any time in the last three (3) years, plus any period of tolling, through the date of the entry of judgment in this case who hold or held the position of Installer (or similar title), who were classified as independent contractors, and who were not paid overtime compensation for all hours worked, or at an appropriate rate of pay for all hours worked, in excess of forty (40) in a workweek ("Wage Class").

14. The members of the Wage Class are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are hundreds of members of the Wage Class.

15. Plaintiff's claims are typical of the claims of the members of the Wage Class. Plaintiff performed the same essential job duties as the members of the Wage Class; Defendant paid Plaintiff and the members of the Wage Class pursuant to the same policies and procedures; and Plaintiff and the members of the Wage Class were victims of the same wrongful conduct in which Defendant engaged in violation of the IMWL and ECA.

16. The class action mechanism is superior to any alternatives which may exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which injured parties can effectively litigate against highly-capitalized corporate

defendants like Defendant. Numerous repetitive individual actions would also place an undue burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendant's conduct.

17. Defendant has acted or refused to act on grounds generally applicable to the Wage Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Wage Class as a whole.

18. Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

19. Plaintiff will fairly and adequately protect the interests of the members of the Wage Class.

20. There are questions of law and fact common to the Wage Class which predominate over any questions solely affecting the individual members of the Wage Class, including, but not limited to:

    a. Whether members of the Wage Class were bona fide independent contractors under the ECA;

    b. Whether Defendant employed the members of the Wage Class within the meaning of the ECA;

    c. Whether Defendant employed the members of the Wage Class within the meaning of the IMWL;

    d. Whether Defendant's policies and practices described within this Complaint are illegal;

    e. Whether Defendant properly paid the members of the Wage Class for all hours they

worked;

f. Whether Defendant properly tracked and/or calculated the number of overtime hours payable to the members of the Wage Class based on their work beyond 40 hours in a workweek;

g. What proof of hours worked is sufficient where, as here, Defendant failed in its duty to keep and maintain accurate time records; and

h. Whether Defendant is liable for all damages claimed hereunder.

## STATEMENT OF FACTS

21. Defendant provides various home improvement services and remodeling products (*e.g.*, paint, wallpaper, blinds, shades, shutters and other window treatments) to customers throughout Illinois.

22. Installers follow a standardized process involving well-established techniques and procedures, and they work within closely prescribed limits. Defendant classifies all Installers as independent contractors and establishes their pay practices.

23. Installers follow a standardized process involving well-established directions, instructions and procedures for installation of window treatments and related products for customers.

24. Installers install window treatments for Defendant's customers on location at private residences and businesses.

25. Installers are compensated on a piece-rate basis and paid weekly.

26. Installers are paid per "linear foot" of material installed for the customer.

27. Installers are not bona fide independent contractors. Installers should have been

classified as employees entitled to overtime pay for hours worked over 40 in a work week.

28. Plaintiff worked for Defendant as an Installer in Chicago, Illinois. Plaintiff began working for Defendant on or about July 28, 2021. Plaintiff separated from Defendant on or around August 31, 2022.

29. Plaintiff was advised by Defendant at the start of his work that he was to be classified as an independent contractor and would be paid by piece-rate.

30. Defendant required Plaintiff to establish his own business entity and obtain a FEIN number prior to his start date.

31. Prior to and throughout the working relationship, Plaintiff was required to attend training and performance seminars held by Defendant.

32. Plaintiff was paid approximately $2,000 to $2,500 per week in piece-rate wages.

33. Plaintiff worked six or seven days per week for approximately 12 hours each day. As such, Plaintiff worked between 60 and 72 hours each week.

34. Defendant did not implement any time-keeping system for Installers. Plaintiff was required to log jobs and "invoice" the company for payment of wages.

35. Plaintiff only received his regular piece-rate wages each week. Plaintiff never received any additional pay, including an additional half-rate for all hours worked over 40 in a work week.

36. Plaintiff never received overtime premiums of one and one-half his regular rate of pay for hours worked over 40 in a work week.

37. While Plaintiff worked for Defendant, Plaintiff:

    a. worked only for Defendant and did so on an open-ended and permanent basis;

7

    b. did not make a substantial investment in the business, facilities, or equipment;

    c. did not hold himself out to the community as a professional for hire in a particular trade or industry, including for window treatment, home remodeling, or construction services;

    d. had no opportunity for profit or loss based on the quality of his work;

    e. did not control the nature of his work, work schedule, or how his work was to be performed;

    f. did not engage in open market competition with other contractors in the same or similar trade or industry, window treatment, home remodeling, or construction services; or

    g. operate a bona fide independent business organization or operation.

38. While Plaintiff worked for Defendant, he did not work for any other employer or entity.

39. Plaintiff never made any capital investment in Defendant's limited liability company.

40. Defendant provided Plaintiff with all customers and work assignments.

41. Defendant directed all aspects of Plaintiff's work including the sequence of Plaintiff's work and his hours. Defendant assigned Plaintiff to jobs at its sole discretion.

42. Defendant provided Plaintiff with all materials and products required to complete assigned installations as ordered by the customer.

43. Defendant controlled all personnel decisions including hiring, firing, and discipline of Installers.

44. Plaintiff did not operate as a bona fide sole proprietor because all new business, customers, materials, and direction came from Defendant.

45. While working for Defendant, Plaintiff at all times performed services and otherwise operated under Defendant's business identity.

46. Plaintiff and all other Installers worked under identical or substantially similar terms. All Installers were provided identical or substantially similar explanations of the Installer position at the start of their employments.

47. The common terms of employment for Installers, including the pay practices identified herein, were intentionally and purposefully made identical by Defendant.

48. The uniform and common practices and policies implemented by Defendant, including the job duties and compensation structure, applied to all Installers including Plaintiff.

49. Due to the uniform and common policies and practices implemented by Defendant, most, if not all, of the Installers' job duties as described were determined by Defendant.

50. Defendant previously employed Plaintiff. Defendant continues to employ members of the Collective and Wage Classes as alleged herein notwithstanding any purported independent contractor designation claimed by Defendant.

51. Plaintiff and members of the Wage Class were entitled to the protections afforded by the FLSA, IMWL, and ECA.

52. Defendant has failed to pay Installers, including Plaintiff, for all hours worked and/or to properly calculate Installers' proper rates of overtime pay.

53. Defendant has failed to pay Installers, including Plaintiff, other wages, compensation, benefits, and contributions to FICA, FUTA, state unemployment insurance, and

9

other required employment taxes and accounts.

54. Defendant has a uniform policy and practice to not pay Installers overtime wages for hours worked in excess of 40 per work week.

55. Defendant has a uniform policy and practice to classify all Installers as independent contractors instead of employees.

56. Defendant has a uniform policy and practice to not pay Installers for all hours worked in excess of 40 per workweek. For example, Defendant only pays Installers their regular piece-rate for all hours worked and does not pay any hours at the proper overtime rate (not less than one-and-one-half their regular rate of pay).

57. Defendant's violations of the FLSA, IMWL, and ECA are not in good faith and were willful. Defendant is, and has been, aware of its legal obligation to classify Installers as employees and pay overtime compensation because, among other things, Plaintiff complained about Defendant's failure to classify him as an employee and properly pay overtime.

## FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION

58. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

59. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

60. At all relevant times, Defendant employed, and/or continues to employ, members of the Collective within the meaning of the FLSA.

61. At all relevant times, Defendant has had gross annual revenues in excess of $500,000.

62. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C.

§ 216(b). A copy of Plaintiff's written consent is attached as Exhibit 1.

63. At all relevant times, Defendant has had a uniform policy and practice to not pay Installers overtime compensation for all overtime hours worked at legally mandated rates.

64. As a result of Defendant's failure to properly compensate their employees, including Plaintiff and the members of the Collective, Defendant has violated, and continues to violate, the FLSA.

65. As an employer within the meaning of the FLSA, Defendant has a duty to create and maintain records of employee hours.

66. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

67. Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the members of the Collective, is entitled to recover from Defendant unpaid overtime compensation, liquidated damages, Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**ILLINOIS MINIMUM WAGE LAW – CLASS ACTION**

68. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

69. At all relevant times, Plaintiff and the members of the Wage Class were employed by Defendant within the meaning of the IMWL pursuant to 820 ILCS § 105/3(c).

70. Defendant violated the IMWL by failing to pay Installers all overtime compensation to which they are entitled at the legally required rates.

71. Plaintiff and the members of the Wage Class are entitled to recover from Defendant

overtime compensation at the appropriate premium for all hours worked over forty (40) in a workweek, treble damages, interest penalties, Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to the COMPS Order.

### THIRD CLAIM FOR RELIEF
### EMPLOYEE CLASSIFCATION ACT – CLASS ACTION

72. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

73. At all relevant times, Plaintiff and the members of the Wage Class were employed by Defendant within the meaning of 820 ILCS § 185/10(a).

74. At all relevant times, Defendant was an employer within the meaning of 820 ILCS § 185/5 and 10(a).

75. Pursuant to 820 ILCS § 185/10(a), Plaintiff and members of the Wage Class were employees of Defendant and not independent contractors, as defined by 820 ILCS § 185/10(b) or (c).

76. Pursuant to 820 ILCS § 185/60, an employer that improperly classifies an employee as an independent contractor is liable to the employee for the amount of any wages, salary, employment benefits, or other compensation denied or lost to by reason of the violation, plus an equal amount in liquidated damages, compensatory damages, and an amount up to $500 for each violation of the ECA,

77. Pursuant to 820 ILCS § 185/60, an employer that violates the ECA is liable to the employee for his or her attorneys' fees and costs.

78. Defendant's misclassification of Plaintiff and members of the Wage Class was willful as defined by 820 ILCS § 185/45. Pursuant to 820 ILCS § 185/45(b), Defendant is liable

to the employee for punitive damages in an amount equal to the penalties assessed in accordance with § 185/45(a).

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other members of the Collective and Wage Class, requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the members of the Wage Class and appointing Plaintiff and his counsel to represent the Wage Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, IMWL, and ECA;

d. An injunction requiring Defendant to cease its unlawful practices under, and to comply with, the IMWL and ECA;

e. An award of overtime compensation due under the FLSA and the IMWL;

f. An award of wages, salary, employment benefits, or other compensation under the ECA;

g. An award of liquidated damages and/or statutory penalties under the FLSA, IMWL

and ECA;

h. An award of additional damages and/or statutory penalties under the FLSA and IMWL as a result of Defendant's willful failure to properly pay overtime compensation;

i. An award of damages representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes under the FLSA, IMWL and ECA;

j. An award of compensatory damages under the ECA;

k. An award of punitive damages for willful violation of the ECA;

l. An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

m. An award of costs and expenses of this action together with attorneys' and expert fees; and

n. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all members of the Collective and Wage Class have a right to jury trial.

Respectfully submitted this 5th day of June, 2024.

/s/ *Samuel D. Engelson*
Michael D. Kuhn
Andrew E. Swan
Samuel D. Engelson
LEVENTHAL | LEWIS
KUHN TAYLOR SWAN PC
3773 Cherry Creek N. Drive, Suite 710

Denver, CO 80209
Telephone: (720) 699-3000
Facsimile: (866) 515-8628
Email: mkuhn@ll.law
aswan@ll.law
sengelson@ll.law


John W. Billhorn
BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Telephone: (312) 853-1450
Email: jbillhorn@billhornlaw.com

*Attorneys for Plaintiff*