**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERIC CABANA, on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 24 C 04663 |
| v. | ) ) | Judge Sunil R. Harjani |
| JC LICHT, LLC, a Delaware Limited Liability Company, | ) ) ) | Magistrate Judge Sheila M. Finnegan |
| Defendant. | ) ) | |

## THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff, Eric Cabana ("Plaintiff"), and Defendant, JC Licht, LLC ("Defendant"), by and through their attorneys, respectfully move this Court to approve their settlement. The Parties respectfully submit that the terms of the settlement are fair, reasonable and resolve a *bona fide* dispute between them. In support of their motion the Parties state as follows:

1. On June 5, 2024, Plaintiff filed a three-count Complaint against Defendant alleging unpaid overtime wages and violations of the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL") and Employee Classification Act ("ECA"). Dkt. 1. Plaintiff ultimately dismissed his ECA claim. Dkt. 9.

2. On August 1, 2024, Defendant filed an Answer and Affirmative Defenses denying Plaintiff's remaining claims. Dkt. 11.

3. On October 3, 2024, the Court granted Plaintiff's Motion for conditional certification and to issue notice under Section 216(b) of the FLSA. Dkt. 21. No other persons joined or opted-into the case; therefore, Plaintiff's claims proceeded on an individual basis. *See* Dkt. 24.

4.    Since January 2025, the Parties have engaged in settlement discussions directly through counsel and in a settlement conference with Magistrate Judge McNally on April 18, 2025. *See* Dkt. 39.

5.    On March 21, 2025, Magistrate Judge McNally granted Plaintiff's counsel, John Billhorn and Samuel Engelson's motion to withdraw as attorneys for Plaintiff. Dkt. 34. Thereafter, Magistrate Judge McNally appointed Thomas P. Valenti for the limited purpose of representing Plaintiff in these settlement negotiations. *See* Dkts. 39-41. With the assistance of Mr. Valenti and Magistrate Judge McNally, the Parties were able to reach a settlement.

6.    The Parties engaged in arm's-length settlement negotiations and have reached a settlement of Plaintiff's claims. Prior to reaching a settlement, counsel for Plaintiff (Mr. Billhorn) and Defendant conducted investigations into the merits of the potential claims and analyzed the defenses to Plaintiff's claims and the damages to which Plaintiff may be entitled if he prevails. Therefore, the Parties have sufficient information to agree to a settlement.

7.    In the Seventh Circuit, settlements of FLSA claims must be approved by a Court of competent jurisdiction. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001); *see also Cheeks v. Freeport Pancake House, Inc.*, 496 F.3d 199 (2d Cir. 2015). A plaintiff may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *See e.g. Lynn's Food Stores, Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1353, 1355. If a

settlement in a FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Therefore, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

8.     As explained, the settlement was reached after negotiations between the Parties. The Parties agreed to settle for $40,000 to Plaintiff and $25,000 in attorneys' fees and costs payable to Mr. Billhorn. For purposes of settlement only, Defendant does not object to this award of attorneys' fees and costs. A copy of the Settlement Agreement is attached as Exhibit 1.

9.     Should this matter have continued, the Parties would have proceeded with written and oral discovery, potentially filed dispositive motions and/or a trial. This litigation could have lasted well into 2026, and the attorneys' fees would have easily exceed the alleged damages. If Plaintiff prevailed on his claims, Defendant would be faced with the prospect of a verdict against its and the obligation to pay attorneys' fees and costs. If Defendant prevailed, Plaintiff faced dismissal of his claims and no recovery.

10.     Therefore, there is ample basis to conclude that this settlement is fair and reasonable. The Parties request that this Court review their Settlement Agreement and approve the same.

11.     The Parties will submit a Joint Proposed Order for the Court's consideration to Proposed_Order_harjani@ilnd.uscourts.gov.

WHEREFORE, the Parties respectfully request that the Court: (1) grant the Motion; (2) enter the Proposed Order or an order substantially similar to it in which the Court approves of the

Settlement Agreement; (3) dismiss the Complaint with prejudice and each party to bear their own fees and costs (except as provided in the Settlement Agreement); and (4) any other relief that the Court deems appropriate.

Dated:  May 19, 2025                              Respectfully submitted,

ERIC CABANA                                       JC LICHT, LLC


By:  /s/ Thomas P. Valenti                        By: /s/ Antonio Caldarone
    Thomas P. Valenti                             Antonio Caldarone
    350 W. Hubbard St., Suite 630                 Katherine E. Stryker
    Chicago, IL 60654                             Laner Muchin, Ltd.
    312-925-0081                                  515 North State Street, Suite 2400
    tpv@valentilaw.com                            Chicago, Illinois 60654
    *Attorney for Plaintiff*                       (312) 467-9800
                                                  (312) 467-9479 (fax)
                                                  acaldarone@lanermuchin.com
                                                  kstryker@lanermuchin.com
                                                  *Attorneys for Defendant*

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Eric Cabana ("Cabana"), Smart Systems, Inc. ("Smart Systems") and JC Licht LLC (the "Company") (collectively "the Parties") voluntarily agree to completely settle and resolve all claims Cabana may have against the Company and the Released Parties as of the time Cabana executes this Settlement Agreement and General Release (the "Agreement"), in accordance with the following terms:

WHEREAS, Cabana owns and operates Smart Systems and performed work for the Company and its clients through Smart Systems;

WHEREAS, Cabana filed a lawsuit pending in the U.S. District Court for the Northern District of Illinois, Case No. 24 C 4663, alleging violations of the Fair Labor Standards Act, the Illinois Minimum Wage Law and the Illinois Employee Classification Act (the "Lawsuit");

WHEREAS, Cabana filed a complaint with the Illinois Department of Labor ("IDOL") alleging unpaid wages, IDOL Complaint No. 24-P000640 (the "IDOL Complaint");

WHEREAS, the Parties want to avoid further controversy, litigation, costs, legal fees and inconvenience;

NOW, THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained herein, the Parties hereby agree as follows:

1.    Payment Terms. The Company will pay Cabana, including back wages, penalties, other damages and attorney's fees, the gross amount of $65,000 (the "Settlement Payment"). The Settlement Payment will be sent for overnight delivery no later than seven (7) days after the last of the following conditions precedent are satisfied: (i) the Company's attorney receives a copy of this Agreement signed and dated by Cabana; (ii) the Court approves this Agreement and dismisses the Lawsuit and the IDOL dismisses the IDOL Complaint as provided in Paragraph 4; and (iii) the Company's attorney receives an IRS Form W-9 from Billhorn Law Firm. The Settlement Payment will be made be as follows:

a.    The Company will pay and cause to be delivered to Cabana, a check made payable to Smart Systems, Inc., in the gross amount of $40,000. The Company will issue Smart Systems, Inc. an IRS Form 1099 for this amount. The Company will send this payment directly to Cabana via an overnight delivery service with signature required and delivered to 6014 N. Kedvale, Chicago, IL 60646, and shall provide a tracking number to Cabana.

b.    The Company will pay and cause to be delivered to Cabana's attorney, John Billhorn, a check made payable to Billhorn Law Firm in the amount of $25,000, which is attributable to Cabana 's attorneys' fees and costs. The Company will issue Billhorn Law Firm an IRS Form 1099 for this amount.

c.    Cabana acknowledges that he is the sole owner of Smart Systems, Inc., that Smart Systems, Inc. performed work for the Company and he was solely employed by Smart Systems, Inc. and was never an employee of the Company. As a result, the Company is making the Settlement Payment in Paragraph 1(a) to Smart Systems, Inc.

d.    Cabana acknowledges and admits that, with the Settlement Payment, he and Smart Systems have been paid all wages and compensation, including, without limitation, minimum wage, overtime pay, payments on invoices, liquidated damages, interest, treble damages, earned vacation, bonuses, commissions, and final compensation, and that the Company does not owe Cabana or Smart Systems any outstanding wages, payment or compensation.

2.    Mutual General Release.

a.    Except as to any claims that cannot be released under applicable law, Cabana and Smart Systems release, waive, settle, comprise and forever discharge any and all claims against the Company and the Released Parties that he has as of the time of the execution of this Agreement, whether known or unknown to Cabana or Smart Systems, and whether asserted or unasserted. Cabana and Smart Systems further waive any right to any form of damages (including, but not limited to lost wages, compensatory damages, liquidated damages, treble or punitive damages), reinstatement, attorneys' fees and costs, or other remedy in any action brought by them or on their behalf.

b.    Without limiting the foregoing, this release specifically includes claims for unpaid minimum wage and overtime, unpaid wages, breach of contract, unpaid invoices, and any and all other claims based directly or indirectly upon Cabana and Smart System's work relationship with the Company, the cessation of their work relationship with the Company, and any alleged act or omission to act by the Company or the Released Parties, whether related or unrelated to work performed by them for the Company. This release also includes any and all claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Equal Pay Act of 1963, the Americans with Disabilities Act, the Civil Rights Act of 1866, the Employee Retirement Income Security Act of 1974, Illinois Human Rights Act, the Illinois Equal Pay Act, the Illinois Biometric Information Privacy Act, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, the Illinois Employee Classification Act, the Cook County Minimum Wage Ordinance, and the Chicago Minimum Wage Ordinance. This release also includes any and all tort claims and all claims Cabana and Smart Systems may have arising from any other federal, state, or local constitution, statute, regulation, rule, ordinance, order, public policy, contract, or common law.

c.    This release also includes all equitable and legal relief, attorneys' fees, and costs. In particular, this Agreement is intended to be a resolution of any possible claims and the Parties agree that neither party is a "prevailing party." Moreover, Cabana and Smart Systems specifically intend and agree that this Agreement fully contemplates all claims for attorneys' fees and costs, and hereby waive, compromise, release and discharge any such claims and liens.

d.    Cabana and Smart Systems agree that this release includes all claims and potential claims against the Company, any company that owns or manages the Company, and any affiliates, including their parents, subsidiaries, divisions, partners, joint venturers, sister corporations, and as intended third-party beneficiaries, their predecessors, successors, heirs, and assigns, and their past, present and future owners, directors, officers, members, agents, attorneys, employees, representatives, trustees, administrators, fiduciaries, insurers and reinsurers, jointly

2

and severally, in their individual, fiduciary and corporate capacities (collectively referred to as the "Released Parties").

   e. Except as to any claims that cannot be released under applicable law, the Company releases, waives, settles, comprises and forever discharges any and all claims against Cabana and Smart Systems that it has as of the time of the execution of this Agreement, whether known or unknown to the Company, and whether asserted or unasserted.

   f. This release does not apply to Cabana's appeal of his unemployment benefits that is currently pending before the Circuit Court of Cook County, Case No. 2024 L 50371, and Appellate court Case number 1-25-0216, and the Company will not take any affirmative steps to interfere with Cabana's appeal.

  3. Promise Not to Sue. Cabana and Smart Systems promise and covenant that they will not file any lawsuit, claim, charge, or complaint, including joining as a class member a lawsuit or claim, against the Company or the Released Parties based upon any claim covered in Paragraph 2, except that Cabana and Smart Systems are not prohibited from cooperating in a government agency or law enforcement investigation. Cabana agrees that, if he receives notice that he is a member of a class action involving a claim that has been released in this Agreement, Cabana will take all necessary steps to opt-out or exclude himself as a class member. Nothing in this Agreement restricts Cabana's right to enforce this Agreement and the promises set forth herein.

  4. Court Approval and Dismissal. The Parties shall seek approval of this Agreement by promptly filing an agreed motion seeking that relief, as well as dismissal of the case without prejudice, pending payment as provided for herein. Within twenty-four (24) hours of the Company's counsel being notified that the IDOL has dismissed the IDOL Complaint, the Company's counsel shall file the motion seeking approval of this Settlement Agreement. In the motion seeking approval, Cabana and the Company will request dismissal of the Lawsuit initially without prejudice, that such dismissal will automatically convert to a dismissal with prejudice fourteen (14) days after Cabana receives his settlement check provided in Paragraph 1, and each party to bear their own fees and costs, except as provided in this Agreement. Approval of this Agreement by the Court is a condition precedent to the Company's obligations contained in this Agreement, including the payment of monies. Additionally, Cabana shall take all necessary action to dismiss the IDOL Complaint, and the dismissal of the IDOL Complaint is a conditional precedent to the Company's obligations in this Agreement, including the payment of monies. It is intended that this Agreement shall constitute full and final settlement of all claims alleged or could have been alleged in the Lawsuit and IDOL Complaint, and the ultimate dismissal with prejudice shall be binding upon Cabana.

  5. Pending Claims. Cabana and Smart Systems represent and warrant that, other than the Lawsuit, the IDOL Complaint and the appeal of his unemployment benefits, they have not filed or joined in any claims, complaints, administrative charges or lawsuits against the Company or the Released Parties, and that the Company's obligations under this Agreement, including the payment of the Settlement Payment, are conditioned upon this representation.

  6. Nonassignment. Cabana and Smart Systems expressly promise the Company that they have not assigned or transferred, or purported to assign or transfer, and will not assign or

otherwise transfer: (a) any claims, or portions of claims, against the Company or the Released Parties; (b) any rights that he has or may have had to assert claims on their behalf or on behalf of others against the Company or the Released Parties; and (c) any right they have or may have to the Settlement Payment. Cabana and Smart Systems promise that any monies, benefits or other consideration they receive from the Company are not subject to any liens, garnishments, mortgages or other charges, and no one else has any claim to any portion of the Settlement Payment.

7.    Mutual Non-Disparagement. The Parties desire and agree to include this Mutual Non-Disparagement provision.

a.    Cabana will not make any disparaging oral or written statements about the Company's products and services. Cabana will also not publish, disseminate or post any written statements or videos about his work with the Company and referencing the Company by name in a book, magazine, blog, on social media or in an online review. This Paragraph shall not apply to communications between Cabana and his attorneys, any statement relating to any proceeding to enforce the terms of this Agreement, to a government or law enforcement agency or as expressly authorized by law or by lawful process.

b.    Liz Vitellaro will not make any disparaging oral or written statements about Cabana or his job performance. Liz Vitellaro and any of its owners will also not publish, disseminate or post any written statements or videos about Cabana in a book, magazine, blog, on social media or in an online review. This Paragraph shall not apply to communications between Liz Vitellaro and the Company's owners, officers, directors, investors, attorneys, accountants, insurers, auditors, statements relating to any proceeding to enforce the terms of this Agreement, to a government or law enforcement agency or as expressly authorized by law or by lawful process.

8.    Indemnification. Cabana agrees to indemnify and hold the Company (including the Released Parties) harmless from and against any and all loss, cost, damage or expense, including, without limitation, attorneys' fees, incurred by any of them arising out of any breach of this Agreement by Cabana, the fact that any representation made herein was false when made, or the Company or a Released Party's successful enforcement of this Agreement.

9.    Nonadmission. This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by the Company or the Released Parties of any (i) liability or wrongdoing to Cabana or Smart Systems, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. The Company specifically denies any liability or wrongdoing.

10.    Neutral Construction. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted the Agreement.

11.    Complete Agreement. This Agreement sets forth all of the terms and conditions of the agreement between the Parties concerning the subject matter hereof and any prior oral communications are superseded by this Agreement. The Parties understand and agree that all of

4

the terms and promises of this Agreement, other than the "Whereas" clauses which are informational.

12.     Amendment. This Agreement may be amended only by a written document signed by Cabana and an authorized Executive Officer of the Company.

13.     Severability. In the event that any of the provisions of this Agreement are found by a judicial or other tribunal to be unenforceable, the remaining provisions of this Agreement will, at the Company's discretion, remain enforceable.

14.     Assignment and Successors. This Settlement Agreement may be assigned by the Company to any third party who becomes a successor to all or substantially all of the business operations of the Company by operation of law, contract or otherwise.

15.     Medicare and Social Security. Cabana represents that Cabana has never been enrolled in Medicare Part A or Part B, or applied for such benefits. Further, Cabana represents that Cabana has no claim for Social Security Disability benefits nor is Cabana appealing or re-filing for Social Security Disability benefits. Cabana further represents that Cabana did not incur any physical injuries or receive medical care arising from or related to any of the claims released by this Agreement. Cabana also warrants and represents that Medicare has not made any payments to or on behalf of Cabana, nor has Cabana made any claims to Medicare for payments of any medical bills, invoices, fees, or costs, related to any of the claims released by this Agreement. Cabana agrees to indemnify and hold the Company and the Released Parties harmless from any claims by Medicare with respect to the Settlement Payment and from any penalties levied by Medicare based upon any failure to report or late reporting of the Settlement Payment to Medicare caused by misrepresentations made by Cabana in this Paragraph. Cabana agrees to hold harmless the Company and the Released Parties for any loss of Medicare benefits or Social Security benefits (including Social Security Disability) that Cabana may sustain as a result of this Agreement.

16.     Time to Consider. Cabana understands that he been given a reasonable time to consider this Agreement (the "consideration period"), and agrees that this consideration period has been reasonable and adequate.

17.     Right to Counsel. Cabana acknowledges that he has been advised by competent legal counsel of his own choosing, John Billhorn, in connection with the review and execution of this Agreement, and that he has had an opportunity to and did negotiate over the terms of this Agreement.

18.     Governing Law and Jurisdiction. This Agreement shall be interpreted and enforced in accordance with the laws of the State of Illinois, without regard to conflict of law principles. The exclusive jurisdiction for any action to interpret or enforce this Agreement shall be submitted to a state or federal court of competent jurisdiction sitting in Chicago, Illinois.

19.     Cabana's Acknowledgment. Cabana declares that he has completely read this Agreement and acknowledges that it is written in a manner calculated for Cabana to understand. Cabana states that he does fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily and without coercion enters into this Agreement. Further, Cabana agrees and acknowledges that he has had the full opportunity to investigate all

matters pertaining to his claims and that the waiver and release of all rights or claims he may have under any local, state or federal law is knowing and voluntary.

**PLEASE READ CAREFULLY. THIS DOCUMENT INCLUDES
A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

ERIC CABANA

JC LICHT LLC

By: _____

Title: _____

Date: 5/13/25

Date: 5/14/25

SMART SYSTEMS, INC.

By: _____
    Eric Cabana

Date: 5/13/25

6